COURT OF APPEALS
SECOND 
DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-279-CR
 
  
RAUL 
VILLEGAS GARZA                                                        APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
THE 355TH DISTRICT COURT OF HOOD COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
Introduction
        Appellant 
Raul Villegas Garza appeals from his conviction by a jury for the offense of 
indecency with a child.  In his sole point, appellant argues that the 
evidence is factually insufficient to support his conviction.  We affirm.
Background Facts
        In 
December 2002, appellant married Kristie Garza, who had five children from a 
previous marriage.  Initially, Kristie and her children lived with 
appellant in his two-bedroom apartment in Granbury, Texas.  In the summer 
of 2003, the family moved into a three-bedroom home.  Appellant underwent 
knee surgery on July 8, 2003 and as a result was unable to work at his job as a 
mechanic.  Appellant spent several weeks at home recuperating.
        According 
to S.R.A., Kristie’s oldest daughter, once during that summer, appellant 
called her into his bedroom and told her to lie on the bed with him.  After 
S.R.A. did as she was told, appellant placed his hand under S.R.A.’s nightie 
and rubbed her breasts.  On other occasions, appellant touched S.R.A’s 
“private,” the side of her breast, and her pubic hair.  In another 
incident, appellant placed S.R.A.’s hand on his penis and tried to kiss 
her.  S.R.A. testified that appellant once asked her to be his mistress and 
told her they could go to Fort Worth and rent a motel and tell everyone they 
were going bowling.
        Kristie’s 
middle daughter, J.M.S., also testified that appellant called her into his 
bedroom and had her lie down on the bed with him.  Appellant then rubbed 
J.M.S.’s breast with one hand and rubbed and squeezed her “butt” with his 
other hand.  According to J.M.S., appellant pulled her close and kissed her 
while rocking back and forth.  On another occasion, appellant placed his 
hand between J.M.S.’s legs and “went back and forth.”  Appellant told 
J.M.S. that she could have sex with him when she turned eighteen because it is 
not illegal for a stepfather and stepdaughter to have sex.
        Neither 
girl immediately told anyone what had happened. Kristie did not find out about 
the abuse until she overheard a telephone conversation between appellant and 
S.R.A. in which S.R.A. confronted appellant about his touching J.M.S.  Both 
girls then told Kristie what appellant had done to them.  Although 
appellant later admitted to Kristie that he had touched both girls, Kristie did 
not immediately report the abuse to authorities.  In fact, she did so only 
after her sister found out about the abuse and encouraged her to call the 
police.  Appellant was charged with two counts of indecency with a child 
for touching S.R.A. and two counts of indecency with a child for touching J.M.S.  
See Tex. Penal Code Ann. § 
21.11 (Vernon 2003).
        At 
trial, S.R.A., J.M.S. and Kristie testified for the State.  Appellant 
testified and denied touching S.R.A. and J.M.S.  He also denied that he 
admitted to Kristie that he had touched the girls.  He testified that he 
was born without testicles and was not interested in or capable of having 
sex.  Appellant testified that he and Kristie took the children to visit 
their grandparents in Tennessee on July 3, 2003, five days before he had his 
knee surgery.  The children stayed with their grandparents in Tennessee 
until August 8, 2003.  Appellant testified that he started working as a 
teacher at a Fort Worth school on August 11, 2003, leaving only a narrow window 
of time in which he could have touched the girls.
        Appellant 
testified that the girls falsely reported that he had abused them because he had 
disciplined them for getting bad grades in school.  S.R.A. testified that 
she had been mad at appellant for disciplining her.  Appellant testified 
that S.R.A. would get upset when he showed favoritism toward Kristie’s 
youngest daughter.  Appellant testified that even after Kristie learned of 
the allegations of abuse, she allowed him to take her daughters on trips to Fort 
Worth.
        Contrary 
to appellant’s testimony, Kristie testified that not only was appellant able 
to have sex but that she was not able to keep up with him sexually.  
Similarly, appellant’s ex-wife, Priscilla Kendall, testified that appellant 
was able to have sex and described his sexual appetite as “excessive.”  
In addition, Hood County Investigator Gay Johnson testified that appellant had 
told her that he and Kristie had “wild sex.”
        Kendall’s 
daughter, F.O., testified that when appellant was married to her mother, 
appellant would squeeze F.O.’s “butt,” kiss her, and stick his tongue in 
her mouth.  Moreover, appellant’s niece, R.Y., testified that she and her 
mother, Rachel Guerra, had previously lived with appellant in Hood County.  
R.Y. testified that on several occasions appellant would touch her breasts and 
her crotch. R.Y., who is now married with a child, testified that she told 
Guerra that if she did not support her claims against appellant, R.Y. would not 
let Guerra see her granddaughter.  Guerra testified that appellant admitted 
to her that he had touched R.Y.
        The 
jury found appellant guilty on all four counts.  The jury then assessed 
appellant’s punishment at twenty years’ confinement for each count, the 
sentences to run concurrently.
Factual Sufficiency
        In 
reviewing the factual sufficiency of the evidence to support a conviction, we 
are to view all the evidence in a neutral light, favoring neither party.  See 
Zuniga v. State, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004).  The only 
question to be answered in a factual sufficiency review is whether, considering 
the evidence in a neutral light, the fact finder was rationally justified in 
finding guilt beyond a reasonable doubt.  Id. at 484.  There 
are two ways evidence may be factually insufficient: (1) the evidence supporting 
the verdict or judgment, considered by itself, is too weak to support the 
finding of guilt beyond a reasonable doubt; or (2) when there is evidence both 
supporting and contradicting the verdict or judgment, weighing all of the 
evidence, the contrary evidence is so strong that guilt cannot be proven beyond 
a reasonable doubt.  Id. at 484-85.  “This standard 
acknowledges that evidence of guilt can ‘preponderate’ in favor of 
conviction but still be insufficient to prove the elements of the crime beyond a 
reasonable doubt.”  Id. at 485.  In other words, evidence 
supporting a guilty finding can outweigh the contrary proof but still be 
insufficient to prove the elements of an offense beyond a reasonable 
doubt.  Id.
        In 
performing a factual sufficiency review, we are to give deference to the fact 
finder’s determinations, including determinations involving the credibility 
and demeanor of witnesses.  Id. at 481; Cain v. State, 958 
S.W.2d 404, 407 (Tex. Crim. App. 1997).  We may not substitute our judgment 
for that of the fact finder’s.  Zuniga, 144 S.W.3d at 482.
        A 
proper factual sufficiency review requires an examination of all the 
evidence.  Id. at 484, 486-87.  An opinion addressing factual 
sufficiency must include a discussion of the most important and relevant 
evidence that supports and contradicts the appellant’s complaint on 
appeal.  Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).
        Here, 
the two complainants testified that appellant touched them in a sexual manner. 
Moreover, appellant’s testimony that he was not interested in sex and not 
capable of having sex was controverted by the testimony of his wife, his 
ex-wife, a Hood County investigator, and several witnesses who claimed that 
appellant had sexually abused them.  As the fact finder, the jury was 
entitled to believe the complaining witnesses’ testimony and to not believe 
appellant’s testimony.  Thus, considering the evidence in a neutral 
light, we hold that the jury was rationally justified in finding appellant’s 
guilt beyond a reasonable doubt.  We overrule appellant’s sole point.
Conclusion
        Having 
overruled appellant’s sole point, we affirm the trial court’s judgment.
   
   
                                                                  PER 
CURIAM
  
  
  
PANEL 
F:   LIVINGSTON, HOLMAN, and GARDNER, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
June 9, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.